Good morning, Your Honors. May it please the Court. Morning. I'm Assistant Federal Public Defender Keith Hilsendecker. I represent the petitioners in this case, Michael Duran and Grace Pinson. I'm going to try and save three minutes for rebuttal, but in light of what I'm about to say next, we may not even need that amount of time. I want to discuss two issues this morning. First, mootness, and then the summary dismissal of Mr. Duran's habeas petition. I'm going to come right out of the gate and say I agree with the government, based on the 28-J letter that it filed on Wednesday, that Ms. Pinson's appeal is moot. Under this case law, the Dilley v. Gunn case that we both have relied on, because the government has informed the Court that Ms. Pinson has been reclassified and transferred to a prison where she is unlikely to be subject to solitary confinement in the same way that she was at U.S. v. Tucson, that makes her appeal moot. I think that there's some question in my mind as to whether Mr. Duran's appeal is also moot for the same reason. What's your best argument in his case, since we don't have a 28-J letter about him, what's your best case? Obviously, a re-transfer to Tucson cannot be speculative, and from my reading of it, that's what you've got here. What's your best argument that this is capable of repetition? Your Honor, I was going to point to some facts that make Mr. Duran's situation sound a lot like Ms. Pinson's. The docket in this case shows that Mr. Duran was transferred after the district court ruled against him first to U.S.P. Lee, and then when this Court appointed counsel and directed briefing on certain issues in November of last year, he was at U.S.P. Pollock in Louisiana. Mr. Duran is now at an FCI in New Hampshire, and the only information I have about classification, apart from what the government knows on its own, is that both FCI El Reno, where Ms. Pinson is, and FCI Berlin in New Hampshire, where Mr. Duran is, are described by the Bureau of Prisons on its website as a medium security facility with a minimum security adjacent satellite camp. And if the reclassification of Ms. Pinson is the reason that she was transferred to an FCI, it seems plausible to me that Mr. Duran's transfer to an FCI is for the same reason. I don't know if that's true. I did point to a line in an order in Mr. Duran's parallel civil case that this Court took judicial notice of, where the district court said that it was possible that Mr. Duran would be returned to U.S.P. Tucson because he has family in the area. The only family of Mr. Duran's that I'm aware of is in New Mexico. But you would agree, would you not, Counsel, that, with respect to Mr. Duran, you still have to show that this is not too speculative. That's what I struggle with here, even without a change of classification, as you had in the Pinson case. It just seems so highly speculative. I don't see how you get around the motinous problem. Your Honor, candidly, the only thing I have to rely on in the record here is the district court's finding in the parallel civil case that it was not speculative. The district court made no such finding in the case that's directly under review here because instead what it did is it dismissed his entire petition summarily on the ground that his claims were not cognizable in habeas proceedings. The court, of course, doesn't need to reach that question because that's more akin to a 12B6 question than an Article III jurisdictional question, which it makes sense. So are you saying then that we don't need to reach what I thought was your second issue, whether or not these cases can sound in habeas since you're talking about the conditions of confinement as opposed to release? Is that correct? I think it makes sense as the way that I understand federal courts to process cases. You talk about jurisdiction first, and a component of jurisdiction is mootness, and if the court thinks that Mr. Duran's case is moot, then it doesn't need to reach the cognizability question. Okay. So basically, if I understand you correctly, you are, of course, with respect to Pinon, and you're saying that's done, but if we find that on Duran's case it's also moot, that's the end of the case, right? Yes, I agree. I agree with that, Your Honor. Okay. And if the court has no other questions about mootness, I'm happy to talk about the cognizability question if the court has questions about that. There's not. I don't think so. Like I said, Your Honor, I didn't think I'm with need all of the time, so thank you, Your Honor. Well, just in case you want to come back, you have nine minutes for rebuttal. Well, I will come back if you ask me to, but I don't think I have anything to add. I don't think we will. May it please the Court, good morning. My name is Craig Russell, appearing on behalf of the United States Court. You don't have much work to do here. Thank you, Your Honor. With that in mind, I'll keep my comments brief. Obviously, it's the government's position here that these claims fell outside the scope of habeas because they concern conditions of conduct. Well, but we're talking about the mootness issue, which would resolve it, short of us having to go into that quagmire. Absolutely. So what's your position? So the Pinson case is out. What's your position on the Duran case insofar as mootness is concerned? Thank you, Your Honor. Mr. Duran's case is also moot. He has not shown a reasonable expectation or demonstrated probability that he's going to return to U.S.P. Tucson, much less, again, be placed in the segregated housing unit. Could you address the current, to agree it's in the record, could you address the current situation of Mr. Duran? What is his classification, if you will, in terms of security? The Pinon situation, as I understand it, changed because he was placed in a low security situation, which meant he would never again be returned to Tucson, which is high. Is that also the case with Mr. Duran? Your Honor, I don't have information that his security has changed. The reason why the government is aware with respect to Ms. Pinson is because it was an order from the District of Arizona that the U.S. Attorney's Office in Arizona was dealing with on the civil side. What I can say is I don't have that information, but I can certainly file, look into it and file a 28-J letter. If you knew, that would be different. But your counsel, and I commend you, by the way, for your integrity, your counsel has conceded that it appears that Mr. Duran's situation is moot. End of story. Is that the government's position as well? That Mr. Duran's claims are moot, yes. I think the only evidence that's presented to show that he may return was the district court order in a civil case, finding that those claims weren't moot on behalf of Mr. Duran. But if we find that that's too speculative, end of the case, right? Absolutely, Your Honor. And you also agree with your opposing counsel that we don't need to get to the habeas issue if that's the situation? That's correct, Your Honor. And the only last thing I would point out, Your Honor, is with respect to that district court order, the district court order that's relied on by the petitioner, Duran, said it's actually found that it was unlikely he would return to U.S. v. Tucson. And that's all I really have for the court at this point. Unless the court has any further questions, we would ask that you affirm. I think we're clear. Okay. Thank you, counsel. Thank you, Your Honor. Thank you to both counsel for your helpful arguments. The case just argued to be submitted for decision by the court.
judges: TASHIMA, RAWLINSON, SMITH